

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHUN ARDS and CHUN'S CUSTOM DESIGN, INC., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No: 3:05-CV-2515-M |
| RITZ GROUP, INC., | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the partial Motion to Dismiss under Rule 12(b)(6), filed by Defendant

Ritz Group, Inc. on February 16, 2006. The Court **GRANTS** the partial Motion to Dismiss.[1]

### I. FACTUAL BACKGROUND

For the purpose of a motion to dismiss, all facts pleaded in the Complaint must be taken

as true, although the Court need not accept as true conclusory allegations or unwarranted

deductions of fact. The Court, therefore, will relate the facts as pleaded in the Amended [2]

Complaint without determining their actual veracity.

Plaintiff Chun Ards is the founder, manager, and representative of Chun's Custom

---

[1] Defendant's Motion addresses only Plaintiff Chun's Custom Design, Inc.'s claim for negligence.

[2] Plaintiffs filed their Original Complaint on December 27, 2005. Defendants filed a (partial) Motion to Dismiss on February 16, 2006. Plaintiffs filed an Amended Complaint on April 11, 2006. Although Defendant's Motion was directed to Plaintiffs' Original Complaint, the Court will consider it with respect to Plaintiffs' Amended Complaint.

Design, Inc. ("CCD"), a Colorado corporation. Defendant Ritz Group, Inc. ("Ritz") is a Texas corporation and seller of wholesale apparel. Plaintiffs assert that, on October 22, 2004, Ards visited the Defendant's showroom in Dallas, Texas, as a representative for CCD. The showroom included a steel display pole with metal branches laden with fashion belts. The pole was placed vertically against the corner of a wall. During her visit, the pole fell on Ards, causing her personal injury, which impaired her ability to work for CCD. Consequently, Plaintiffs allege that CCD suffered a substantial loss in sales and profits due to Ards's inability to perform essential functions in the retail sales and operation of CCD.

Plaintiff Ards sues Defendant for negligence, false imprisonment, and intentional infliction of emotional distress. Plaintiff CCD sues Defendant for negligence. Defendant moves to dismiss the claim for negligence brought by CCD.

## II. STANDARD OF REVIEW

A cause of action should be dismissed under Rule 12(b)(6) only if there is no possible set of facts upon which a plaintiff could prevail on that cause of action. *United States ex rel. Bain v. Ga. Gulf Corp.,* 386 F.3d 648, 653 (5th Cir. 2004). In deciding a 12(b)(6) motion, the court "accepts all well-pleaded allegations as true, and views them in the light most favorable to the plaintiff." *Davis v. Blockbuster, Inc.,* No. 3:04-CV-2393-M, 2005 U.S. Dist. LEXIS 2100, at *3 (N.D. Tex. Feb. 14, 2005) (Lynn, J.) (citing *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993)). The court "will not strain to find inferences favorable to the [plaintiff] and will not accept conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (internal citation and quotation omitted).

The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. ANALYSIS

Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003) (citing *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998); *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998)). Defendant asserts that a corporate entity may not claim damages based on personal injury and that Plaintiffs failed to establish a legal duty owed to CCD by the Defendant.[3] Plaintiffs counter that CCD does not seek damages for personal injury but for the corporation's loss of sales and profits caused by the absence of Ards at CCD.

Texas law prohibits an employer from recovering damages due to the personal injury of an employee negligently caused by a third party. *Cravens/Popock Ins. Agency, Inc. v. John F. Beasley Constr. Co.*, 766 S.W.2d 309, 312 (Tex. App.– Dallas 1989, no writ). As an issue of first impression in Texas, the *Cravens* court reviewed case law from other jurisdictions[4] and concluded that the common law doctrine of *per quod servitium amisit*, which allowed a master to

---

[3] Because the Court finds that an employer cannot recover damages for injury to an employee, analysis of whether Ritz owes a legal duty to CCD is unnecessary.

[4] The *Cravens* court cited, *inter alia*, *Phoenix Prof'l Hockey Club, Inc. v. Hirmer*, 502 P.2d 164, 164-65 (Ariz. 1972); *I.J. Weinrot & Son, Inc. v. Jackson*, 708 P.2d 682, 690-91 (Cal. 1985); *Snow v. West*, 440 P.2d 864, 865 (Or. 1968); and *Hartridge v. State Farm Mut. Auto Ins. Co.*, 271 N.W.2d 598, 601 (Wis. 1978).

3

recover damages resulting from a third party injuring his servant, does not apply to the modern relationship between an employer and employee. *Id.* at 310. The court specifically noted two cases where recovery was denied for damages to an employer resulting from the loss of an irreplaceable executive or professional. 766 S.W.2d at 312 (citing *Offshore Rental Co. v. Cont'l Oil Co.*, 583 P.2d 721, 729 (Cal. 1978); *Baughman Surgical Assocs., Ltd. v. Aetna Cas. & Sur. Co.*, 302 So.2d 316, 318-19 (La. App. 1974)).

As in *Cravens*, this case involves the negligence claim of an employer seeking damages as a result of an employee's personal injury. The damage for loss of services requested by the corporate plaintiff in *Cravens* is comparable to the damages for loss of sales and profits requested by Plaintiff CCD. Any loss in sales or profits incurred by CCD was due to the loss of Ards's services, as founder and manager of CCD. As in *Cravens*, CCD is not entitled to recover damages for negligence from Ritz based on the personal injury to Ards.

Damages are an essential element to a negligence claim. 335 F.3d at 466. If a plaintiff is not entitled to the damages alleged, then a claim for negligence does not exist. 335 F.3d at 466. Because employers are not entitled to recover damages for injury to their employees negligently caused by third parties, Plaintiff CCD fails to establish a claim for negligence.

VI. CONCLUSION

The Court **GRANTS** the Defendant's Motion to Dismiss the claim of Plaintiff CCD for negligence.

**SO ORDERED**.

4

June 7, 2006.

BARBARA M.G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS