

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHUN ARDS and CHUN'S CUSTOM DESIGN, INC., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No: 3:05-CV-2515-M |
| RITZ GROUP, INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Alter Judgment, filed on June 29, 2006. The Court **DENIES** the Motion.

Chun Ards is the manager and partial owner of Chun's Custom Design, Inc. ("CCD"), a Colorado corporation. On October 22, 2004, Ards was injured in Dallas, Texas, on the premises of Ritz Group, Inc. ("Ritz"), a Texas corporation. On December 27, 2005, Ards and CCD filed suit against Ritz for negligence.[1] Defendant filed a motion to dismiss CCD's claims. On June 7, 2006, the Court entered a Memorandum Opinion and Order, granting Defendant's partial Motion to Dismiss. The Court found that "Texas law prohibits an employer from recovering damages due to the personal injury of an employee negligently caused by a third party." *Ards v. Ritz Group, Inc.*, No. 3:05-CA-2515-M, 2006 WL 1627909, at *1 (N.D. Tex. June 7, 2006) (Lynn, J.) (citing *Cravens/Popcock Ins. Agency v. Beasley*, 766 S.W.2d 309, 312 (Tex. App. – Dallas 1989,

---

[1] In addition to her claim for negligence, Plaintiff Ards asserts claims against Ritz for false imprisonment and intentional infliction of emotional distress.

no writ)). The Court entered a Judgment on June 19, 2006.

Plaintiffs move to alter the Judgment. Plaintiffs assert that CCD is entitled to recover its loss of profits sustained by reason of Ards's personal injury because Ards is an owner, not an employee. The Court disagrees.

Plaintiffs primarily base their argument on *Lundgren v. Whitney's, Inc.*, 614 P.2d 1272, 1277 (Wash. 1980). In that case, the Washington Supreme Court affirmed a judgment awarding damages to a company for lost profits due to personal injury to the company's half-owner. *Id.* at 1277. The *Lundgren* court assumed that the corporate plaintiff was entitled to recover, but did not directly address the legal basis for such recovery. *See id.* at 1276. In contrast, the *Cravens* court supported its holding with policy considerations, legal commentary, and case law from ten jurisdictions, including decisions from the state supreme courts of Arizona, California, Oregon, and Wisconsin, which denied recovery in similar factual situations.[2] *Cravens*, 766 S.W.2d at 311-12. As a result, *Lundgren* does little to refute the reasoning in *Cravens*. The Court finds *Cravens*, not *Lundgren*, compelling.

Plaintiffs also argue that *Cravens* is inapposite because the loss of services of an injured employee denied there differs from the loss of profits due to an injured owner, as presented here. The Court disagrees. Among other cases, the *Cravens* court cited *Weinrot, I.J. Weinrot & Son, Inc. v. Jackson*, 708 P.2d 682, 690-91 (Cal. 1985), in which the California Supreme Court denied a corporation recovery for lost profits due to the personal injury of the company's President,

---

[2] State supreme court decisions cited in *Cravens* include *Phoenix Prof'l Hockey Club, Inc. v. Hirmer*, 502 P.2d 164, 164-65 (Ariz. 1972); *I.J. Weinrot & Son, Inc. v. Jackson*, 708 P.2d 682, 690-91 (Cal. 1985); *Snow v. West*, 440 P.2d 864, 865 (Or. 1968); and *Hartridge v. State Farm Mut. Auto. Ins. Co.*, 271 N.W.2d 598, 601 (Wis. 1978).

employee, and majority shareholder. *Id.* at 683.

Accordingly, Plaintiffs' Motion to Alter Judgment is **DENIED**.

**SO ORDERED.**

July 11, 2006.

                                                                                  _____
                                                                                  BARBARA M.G. LYNN
                                                                                  UNITED STATES DISTRICT JUDGE
                                                                                  NORTHERN DISTRICT OF TEXAS